IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**PHYLLIS LANGFORD, et al.**                                                              **PLAINTIFFS**

v.                          Case No. 3:12-cv-00111 KGB

**JIMMY WILKINS, individually and
in his official capacity as Superintendent and
HUGHES SCHOOL DISTRICT NO. 27**                                          **DEFENDANTS**

## ORDER

Before the Court is defendants' renewed motion to transfer venue (Dkt. No. 62), to which plaintiffs responded in opposition (Dkt. No. 69). This case is currently set for trial in the Jonesboro Division of the Eastern District of Arkansas, and defendants move to transfer the trial to the Eastern Division of the Eastern District of Arkansas.

> Under federal law, any action may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district. When considering a motion to transfer, a court must consider the convenience of the parties, the convenience of the witnesses, and the interests of justice. However, a motion under § 1404(b) for transfer within a district is judged by a less rigorous standard than a transfer to another division under § 1404(a).

*Sanders v. Lee Cnty. Sch. Dist. No. 1*, 2008 WL 5423267, at *1 (E.D. Ark. Dec. 23, 2008) (citing 28 U.S.C. § 1404(b); *Terra Int'l v. Miss. Chem. Corp.,* 119 F.3d 688, 691 (8th Cir. 1997); *Edwards v. Sanyo Mfg. Corp.,* 2007 WL 641412, at *1 (E.D. Ark. Feb. 27, 2007)).

Plaintiffs correctly state the law that federal courts give deference to a plaintiff's choice of forum and that the burden of proving the need for a transfer is on the defendants. *See In re Apple, Inc.*, 602 F.3d 909, 913 (8th Cir. 2010). Defendants, in attempting to meet their burden, argue that the Eastern Division is the proper forum for trial because it is where the School District is located, more convenient to defendant Jimmy Wilkins, and where the alleged events

took place. Plaintiffs respond by arguing that for both of the chief witnesses and all but one of the nine plaintiffs the Jonesboro Division is more convenient.

Defendants also argue that, when a public institution is a party to a lawsuit affecting the public interest, the interest of justice is best served when venue is had in the division where the institution is located so local patrons can attend. *See Sanders*, 2008 WL at *1; *Chaffin v. Eichert*, 2009 WL 47565, at *2 (E.D. Ark. Jan. 6, 2009). Plaintiffs respond by claiming without any record support that few, if any, patrons of the school district attended defendant Hughes School District's last trial (*Nassar, et al. v. Jackson, et al.*, US Dist. No. 3:11-cv-00133-SWW). The Court agrees that where a defendant institution is located is one factor to be considered in a motion to transfer venue but determines that this factor is not a single dispositive one.

Considered together, the Court finds the convenience of the parties, the convenience of the witnesses, and the interests of justice do not clearly support having this case heard in the Eastern Division over the Jonesboro Division. Accordingly, defendants have not met their burden of proving the need for transfer. Defendants' renewed motion to transfer venue is therefore denied (Dkt. No. 62).

SO ORDERED this 17th day of January, 2014.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE