**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**PHYLLIS LANGFORD, et al.**                                                    **PLAINTIFFS**

**v.**                          **No. 3:12-cv-00111 KGB**

**JIMMY WILKINS, in his official
capacity as Superintendent, and
HUGHES SCHOOL DISTRICT NO. 27**                            **DEFENDANTS**

## ORDER

Before the Court is plaintiffs Mike Hardage, April Guyer, and Gheric Bruce's motion to enforce settlement agreement and for attorneys' fees (Dkt. No. 144), to which defendants Jimmy Wilkins, individually and officially as Superintendent, and Hughes School District No. 27 have responded (Dkt. No. 155).  The Court conducted a telephone hearing on the motion on January 14, 2015.

By agreement, the parties conducted a settlement conference before Magistrate Judge Jerry Cavaneau on October 28, 2014.  At this settlement conference, Mr. Hardage, Ms. Guyer, and Mr. Bruce reached settlement agreements with defendants regarding these plaintiffs' claims of discrimination.  In their response to the motion to enforce settlement agreement, defendants indicate that they have since satisfied their obligations under the settlement agreements reached with Ms. Guyer and Mr. Bruce.  Accordingly, the Court denies as moot the motion to enforce settlement agreement to the extent that it applies to defendants' obligations to Ms. Guyer and Mr. Bruce.

Defendants have not satisfied their obligation under the settlement agreement with Mr. Hardage.  Although none of these plaintiffs' discrimination claims involved personal injuries or medical liens, defendants requested that Mr. Hardage present proof in the form of a "no-lien letter" from the Centers for Medicare and Medicaid Services ("CMS") that any medical lien

against him is satisfied. Mr. Hardage provides an affidavit stating that he has no such liens and that he currently does not receive medical benefits that would subject him to such liens. Mr. Hardage contends that, because no such lien exists, neither CMS nor any other entity is able to provide any lien information about Mr. Hardage and that defendants are requesting Mr. Hardage to prove a negative, which neither he nor CMS can do.

The Court has reviewed the transcript of the October 28, 2014, settlement conference. At the settlement conference, counsel for defendants stated that, in exchange for receiving settlement funds, Mr. Hardage "will provide the school district with a lien release letter or a no lien letter from CMS" (Dkt. No. 109, transcript under seal). Nevertheless, Mr. Hardage's affidavit, representations from Mr. Hardage's counsel, and admissions by counsel for defendants indicate that Mr. Hardage currently does not receive medical benefits that would be subject to a lien and that there is uncertainty as to whether CMS may or will issue "no-lien letters." Moreover, under the circumstances relevant to Mr. Hardage, counsel for defendants has made no attempt to justify why a no-lien letter is material to or necessary for the resolution through settlement of Mr. Hardage's discrimination claims. In light of these circumstances, the Court finds that Mr. Hardage, through his affidavit and representations through counsel, has substantially performed his obligation to show that his income is not subject to any medical lien. Therefore, the Court directs defendants to distribute the settlement funds to Mr. Hardage in the amount previously agreed upon at the October 28, 2014, hearing.

The Court takes under advisement Mr. Hardage, Ms. Guyer, and Mr. Bruce's request for attorney's fees, costs, and expenses. Plaintiffs may submit further briefing on this request.

SO ORDERED this 7th day of April, 2015.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge