IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**PHYLLIS LANGFORD, et al.**                                                                                                       **PLAINTIFFS**

v.                                    Case No. 3:12-cv-00111 KGB

**JIMMY WILKINS, in his official**
**capacity as Superintendent, and**
**HUGHES SCHOOL DISTRICT NO. 27**                                                   **DEFENDANTS**

## ORDER

Before the Court is plaintiff Michael Hardage's motion for attorney's fees for having to enforce the settlement agreement (Dkt. Nos. 144, 164). Defendants Hughes School District No. 27 and Jimmy Wilkins in his official capacity as Superintendent of Hughes School District No. 27 (collectively "HSD") have responded to Mr. Hardage's motions (Dkt. No. 167). For the following reasons, the Court grants in part and denies in part Mr. Hardage's motion.

In its October 30, 2014, Order, the Court dismissed with prejudice Mr. Hardage's claims because he reached a settlement agreement with HSD (Dkt. No. 110). In this Order, the Court "retain[ed] jurisdiction for 30 days to enforce the settlement terms" (*Id.*). On November 25, 2014, Mr. Hardage filed his first motion to enforce settlement agreement and for attorney's fees (Dkt. No. 144). In its April 7, 2015, Order, the Court granted Mr. Hardage's motion to enforce settlement agreement (Dkt. No. 163) and declined to rule on Mr. Hardage's first motion for attorney's fees at that time. Mr. Hardage filed his second motion for attorney's fees on April April 9, 2015 (Dkt. No. 164).

In his second motion, Mr. Hardage states that HSD will not release the settlement funds until Mr. Hardage releases HSD from all liabilities, including attorney's fees. To the extent that Mr. Hardage's motion for attorney's fees requests that this Court order HSD to disburse the

settlement funds, the Court grants Mr. Hardage's motion and directs HSD to disburse the settlement funds.

To the extent that Mr. Hardage requests attorney's fees, the Court denies the motion. Mr. Hardage requests, pursuant to Arkansas Code Annotated § 16-22-308, reasonable attorney's fees for breach of the settlement agreement. HSD contends that § 16-22-308 does not apply here because Mr. Hardage's "claim for fees is not based on a breach of contract but is instead rooted in an attempt to enforce a settlement that objectively included the term of which plaintiff complained" (Dkt. No. 167, ¶ 5).

"In a diversity action, state law governs the availability of attorney's fees where no conflicting federal statute or court rule applies." *Weitz Co. v. MH Washington*, 631 F.3d 510, 528 (8th Cir. 2011) (citing *Burlington Northern R. Co. v. Farmers Union Oil Co.*, 207 F.3d 526, 534 (8th Cir.2000)). Although this action is not one based on diversity of citizenship, the Court retained jurisdiction over Mr. Hardage's action for 30 days after his voluntary dismissal to enforce his settlement agreement. Accordingly, the Court maintains supplemental jurisdiction over Mr. Hardage's motion to enforce settlement agreement and his motions for attorney's fees. *See, e.g.*, *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 638 (2001); *Perez v. Westchester Cnty. Dep't of Corr.*, 587 F.3d 143, 151 (2d Cir. 2009).

Mr. Hardage's motion to enforce settlement agreement is akin to a state law contract claim. *See Goudelock v. McLemore*, 985 F. Supp. 2d 816, 818 (N.D. Miss. 2013) ("[T]he claim the current parties assert is a state law contract claim to enforce the Settlement Agreement."); *cf. Myers v. Richland Cnty.*, 429 F.3d 740, 747 (8th Cir. 2005) (noting that enforcement of a settlement agreement, whether seeking an award of damages or specific performance, is more

than a continuation or renewal of the underlying dismissed action and holding that federal court had ancillary jurisdiction over party's breach of contract claim regarding a settlement agreement).

> Arkansas Code Annotated § 16-22-308 provides:
>
> In any civil action to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs.

Ark. Code Ann. § 16-22-308. "The legislature's use of the word, 'may,' indicates that the legislature intended a court's award of attorney's fees pursuant to § 16–22–308 to be permissive and discretionary with the court rather than mandatory." *Reliance Ins. Co. v. Tobi Eng'g, Inc.*, 735 F. Supp. 326, 328 (W.D. Ark. 1990) (citing *Gregory v. Colvin*, 363 S.W.2d 539 (Ark. 1963)); *see also River Valley Land, Inc. v. Hudson*, 347 S.W.3d 40, 44 (Ark. App. 2009) ("The decision to award attorney's fees and the amount of the award are discretionary determinations that will be reversed only if the appellant can demonstrate that the [lower] court abused its discretion. A [Court] abuses its discretion when it makes a decision that is arbitrary or capricious.").

When considering to award fees under Arkansas law, courts weigh the following factors: (1) the experience and ability of counsel; (2) the time and labor required to perform the legal service properly; (3) the amount involved in the case and the results obtained; (4) the novelty and difficulty of the issues involved; (5) the fee customarily charged in the locality for similar services; (6) whether the fee is fixed or contingent; (7) the time limitations imposed upon the client in the circumstances; and (8) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer. *Harrill & Sutter,*

*PLLC v. Kosin*, 378 S.W.3d 135, 145 (Ark. 2011); *Chrisco v. Sun Indus., Inc.*, 800 S.W.2d 717 (Ark. 1990).

Here, considering the unique circumstances of this case and relevant *Chrisco* factors, the Court denies Mr. Hardage's motion for attorney's fees.  First, Mr. Hardage's motion to enforce settlement agreement was relatively simple in nature.  There was only one term in dispute in Mr. Hardage's motion to enforce settlement agreement – in exchange for receiving settlement funds, Mr. Hardage did agree on the record at the settlement conference to provide HSD with "a lien release letter or a no lien letter from CMS" (Dkt. No. 109, transcript under seal).  At the time Mr. Hardage filed his motion, he had not done so.  HSD included this term as a part of the oral agreement reached by the parties at the conclusion of the settlement conference.  After conducting a hearing on the matter, the Court concluded that Mr. Hardage, through his affidavit and representations through counsel, substantially performed his obligation to show that his income is not subject to any medical lien.  Moreover, under the circumstances relevant to Mr. Hardage, counsel for HSD made no attempt to justify why a no-lien letter was material to or necessary for the resolution through settlement of Mr. Hardage's discrimination claims.  The success of Mr. Hardage's motion to enforce settlement agreement was based on the unique circumstances of this case, which fact weighs in favor of denying Mr. Hardage's motion for attorney's fees.

The decision to award attorney's fees is discretionary, not mandatory.  *Cf. Jones v. Abraham*, 999 S.W.2d 698, 706 (Ark. App. 1999) (upholding lower court's denial of motion for attorney's fees where defendants were "acting in good faith in trying to enforce what they believed" and where plaintiff's argument was "nothing more than an assertion that they are

entitled to attorney's fees because of the manner in which they prevailed"). In light of these circumstances, the Court denies Mr. Hardage's motions for attorney's fees (Dkt. Nos. 144, 164).

SO ORDERED this 24th day of June, 2015.

_____
Kristine G. Baker
United States District Judge